C. Paul Jones, Public Defender, and Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., John H. Daniels, Jr., Sp. Asst. Atty. Gen., St. Paul, Robert Benson, County Atty., Preston, for respondent.

**Glen Ray HOLSCHER, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 49160.**

Supreme Court of Minnesota.

May 18, 1979.

KELLY, Justice.

Petitioner, who was originally charged in 1975 with aggravated assault, Minn.St. 609.-225, subd. 2 (assault with a dangerous weapon), and indecent liberties with a child under 16, Minn.St.1974, § 609.296; subd. 2 (since repealed), entered a guilty plea to the latter charge and was sentenced to a maximum prison term of 7 years. Two years later petitioner sought postconviction relief

on the grounds that the factual basis for his plea was inadequate and the plea was involuntarily entered. Petitioner appeals to this court from the order of the district court denying relief. We affirm.

Petitioner's contention that the factual basis was inadequate is based on the fact that the court in accepting the plea did not follow the usual approach of personally questioning the defendant and eliciting from him the factual basis for the plea.

While the usual way in which the requirement is satisfied is for the court to personally question defendant and have defendant express in his own words what happened, there are other ways of satisfying the requirement. In *State v. Genereux,* 272 N.W.2d 33, 34, n. 2 (Minn.1978), we stated that "[o]ther important ways of establishing a factual basis would be to include written statements of witnesses as exhibits or to take testimony of certain witnesses." In *State v. Neumann,* 262 N.W.2d 426 (Minn.1978), we held that a trial judge who had presided over a partial trial before defendant decided to plead guilty could properly base his determination that there was an adequate factual basis on the evidence he had heard, which included testimony by defendant. In *State v. Goulette,* 258 N.W.2d 758 (Minn.1977), the factual basis supporting the defendant's Alford-type plea consisted of a statement by defense counsel summarizing the key evidence which the prosecutor would have offered if the case had gone to trial.

In this case the judge who accepted petitioner's plea had presided at the Omnibus hearing just 3 days earlier and had therefore listened to the testimony of three witnesses. The prosecutor also summarized all the evidence which the state had against petitioner and petitioner stated he did not want to challenge anything the prosecutor said. We hold that the factual basis was adequate.

Petitioner's other contention relates to the voluntariness of his plea. It is true that petitioner made a statement at the sentencing hearing which suggested that he felt he had been pressured into pleading guilty by the fact that the prosecutor had sought permission to introduce certain other-crime evidence. However, before sentencing petitioner the court asked him if he wanted to withdraw his plea and petitioner stated that he did not. Also, the record contradicts petitioner's testimony at the postconviction hearing that he decided to plead guilty only after learning that the other-crime evidence would be admitted. Further, no ruling was ever made on the motion to admit the other-crime evidence because petitioner's plea obviated the need for such a ruling.

Affirmed.