John Ross BURNELL, Jr., Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 49522.

Supreme Court of Minnesota.

Nov. 16, 1979.

Monte M. Miller, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen. and Richard D. Hodsdon, Sp. Asst. Atty. Gen., St. Paul, David C. Johnson, County Atty., International Falls, for respondent.

ROGOSHESKE, Justice.

This is an appeal from an order of the district court denying a petition for post-conviction relief from a conviction for criminal sexual conduct in the third degree. Minn.Stat. § 609.344 (1978), which was

based on a bargained-for plea of guilty. Petitioner, who is serving a 5-year prison term, contends that there was an inadequate factual basis for the trial court to accept his plea of guilty and that the postconviction court should have allowed him to withdraw the plea because the factual basis was further weakened when the potential witnesses retracted their charges against him. We affirm.

Petitioner claims that there was an inadequate factual basis supporting his plea at the time he entered it, since he did not express in his own words what happened. Our prior decisions summarized in *Holscher v. State*, 282 N.W.2d 866 (Minn. 1979), however, make it clear that the factual basis requirement can be satisfied by written statements and testimony of witnesses. In this case, even though the parties agreed that petitioner would not be required to express in his own words what happened, he freely admitted his guilt, and his admission was corroborated by both sworn statements and testimony of the victims introduced at earlier hearings.

Petitioner's related claim is that because all the witnesses recanted their charges he should be permitted to withdraw his plea. In fact, two of the witnesses had recanted before petitioner entered his plea. Further, this is not a case in which a petitioner has consistently claimed innocence; on the contrary, he admitted his guilt by pleading guilty. Finally, there was evidence that the recantations were the result of pressure applied to the witnesses. Under all the circumstances, the postconviction court obviously did not abuse its discretion in looking with disfavor on the recantations. *State v. Hill*, 253 N.W.2d 378 (Minn. 1977).

Affirmed.