Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Beverly J. Wolfe, Asst. County Atty., Minneapolis, for respondent.

John M. Stuart, State Public Defender, Cathryn Middlebrook, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by SCHUMACHER, P.J., and FORSBERG, and KLAPHAKE, JJ.

**STATE of Minnesota, Respondent,**

**v.**

**Dale Einar SYNNES, Appellant.**

**No. C9-89-1885.**

Court of Appeals of Minnesota.

May 1, 1990.

Review Denied June 26, 1990.

### OPINION

SCHUMACHER, Judge.

Pursuant to plea negotiations, appellant Dale Einar Synnes pleaded guilty to a reduced charge of burglary in the second degree and receiving stolen goods. The parties agreed to a sentence of 53 months executed for second degree burglary and a consecutive term of 37 months executed for receiving stolen goods, concurrent with parole revocation. In exchange, the state agreed to dismiss another charge of burglary in the second degree. The trial court adopted the recommended sentence in the plea agreement.

### FACTS

Appellant was charged in Hennepin County District Court with three offenses:

burglary in the first degree, receiving stolen property, and burglary in the second degree. Appellant pleaded not guilty to all three charges on December 1, 1988. On January 17, 1989, pursuant to a plea agreement, appellant pleaded guilty to the charge of burglary in the second degree (reduced from first degree burglary), and to the charge of receiving stolen property. On May 1, 1989, prior to sentencing, appellant brought a motion to withdraw his guilty plea. The motion was denied by the trial court that same day. On July 25, 1989, the trial court adopted the recommended sentence in the plea agreement and sentenced appellant to 53 months executed for burglary in the second degree, and a consecutive term of 37 months for receiving stolen goods. The original charge of second degree burglary was dismissed.

The sentence, in regard to receiving stolen property, constitutes an upward departure from the Minnesota Sentencing Guidelines, both as to duration and consecutive service. At the time of sentencing, the trial court gave no reasons for the departure.

Appellant alleges the trial court abused its discretion in departing from the sentencing guidelines where there were no substantial and compelling reasons cited to justify the departure, even though there was a negotiated plea.

## ISSUE

Did the trial court abuse its discretion by sentencing appellant to a consecutive sentence of 37 months for the offense of receiving stolen property where there were no substantial and compelling reasons cited to justify the departure?

## ANALYSIS

The Minnesota Sentencing Guidelines require that a judge provide written reasons justifying a departure. The Guidelines provide as follows:

When departing from the presumptive sentence, a judge must provide written reasons which specify the substantial and compelling nature of the circumstances, and which demonstrate why the

sentence selected in the departure is more appropriate, reasonable, or equitable than the presumptive sentence.

Minnesota Sentencing Guidelines II.D. Minnesota Rules of Criminal Procedure also require that the trial court provide written reasons justifying a departure. Minn.R.Crim.P. 27.03, subd. 4(C).

The Minnesota Supreme Court has stated: If no reasons for departure are stated on the record at the time of sentencing, no departure will be allowed." *Williams v. State,* 361 N.W.2d 840, 844 (Minn.1985). The facts in the present case reveal the trial judge gave no reasons for departure at sentencing. The prosecutor provided the court with a memorandum in support of a sentencing departure which listed four reasons he claimed justified departure. The record does not indicate, however, that the trial court adopted these reasons.

Although we are concerned about the result in this case, we do not feel we are in a position to create an exception to *Williams,* nor to disregard the language in *State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981).

An attempt * * * by the parties to limit sentence duration does not create a "substantial and compelling circumstance" which may be relied upon as justifying a departure from the Guidelines. Only the court, acting in accordance with the Guidelines, and not the parties, has the authority to determine the appropriate sentence.

*State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981). We conclude, under present Minnesota law, the trial court must provide a written record stating the reason for departure when there is a negotiated plea.

## DECISION

We hold that because the trial court provided no written reasons justifying the departure at the time of sentencing, no departure is allowed. We reverse and remand for imposition of a presumptive concurrent sentence under the Minnesota Sentencing Guidelines of 44 months executed for receiving stolen property.

Reversed and remanded.

**648**

FORSBERG, Judge (concurring specially):

I concur primarily because the defendant attempted by motion to withdraw his plea prior to sentence. If defendant had unequivocally agreed to the plea bargain, it may be that defendant waived any objection to the departure, or at least we could uphold the sentence because the record in this case indicated strong grounds for departure.

What troubles me about this case is that either the prosecutor or the court will in the future be inhibited from accepting such plea agreements which may be in the interest of the defendant as well as the public.