STATE of Minnesota, Respondent,

v.

Keith Edward MISQUADACE,
Appellant.

No. C4–01–81.

Court of Appeals of Minnesota.

July 10, 2001.

Mike Hatch, Attorney General, Steven L. Schleicher, Assistant Attorney General, St. Paul, and Bradley C. Rhodes, Aitkin County Attorney, Aitkin, for respondent.

John M. Stuart, State Public Defender, Michael F. Cromett, Assistant State Public Defender, Minneapolis, for appellant.

Considered and decided by AMUNDSON, Presiding Judge, LANSING and SHUMAKER, Judges.

## OPINION

GORDON W. SHUMAKER, Judge.

In accordance with a plea agreement, the district court departed from the presumptive guidelines sentences, giving as the sole reason for the departure the appellant's agreement. As to two of several sentences, appellant contends that the departures lacked substantial and compelling support. Because we hold that all departures from presumptive sentences, even those in plea bargains, must be supported by substantial and compelling reasons, we reverse the challenged sentences and remand to the district court.

## FACTS

Alleging that Keith Edward Misquadace committed numerous crimes in Aitkin County from June 1995 through August 13, 1999, the state charged him in six separate court files with murder, criminal sexual conduct, burglary, felony theft, theft of a motor vehicle, criminal damage to property, introduction of contraband into a jail, fleeing a peace officer in a motor vehicle, underage drinking and driving, and failure to have a driver's license in possession.

On September 27, 2000, while all charges were still pending, Misquadace entered a plea agreement that his attorney said would be a way to "clear the slate of all charges pending or that could be brought against Mr. Misquadace within Aitkin County." Under the agreement, Misquadace was to plead guilty to an amended charge of first-degree manslaughter and to the original charges of third-degree burglary, fleeing a peace officer in a motor vehicle, and introduction of contraband into a jail. All other charges were to be dismissed. Misquadace also agreed to departures from the sentencing guidelines. For the manslaughter charge, there would be an upward durational de-

parture from the presumptive executed sentence of 86 months to an executed statutory maximum of 180 months. Instead of the presumptive 12–month–and–one–day stayed sentence for the burglary, the court would depart by imposing an executed 60–month term. For the fleeing a peace officer charge, the court would depart by imposing an executed 13–month term, rather than a stayed 12–month–and–one–day term.[1] And the court was to depart durationally downward on the contraband charge from the presumptive sentence of 21 months to 13 months but the presumptively stayed sentence was to be executed. All the sentences were to be served consecutively to each other.

Misquadace entered Alford pleas to the charges that were not to be dismissed. He later moved to withdraw his pleas but the court denied his motion. With the exception of the departure for the manslaughter sentence, the only reason the district court gave in support of the other dispositional and durational departures was that Misquadace had agreed to them as part of his plea agreement.

As to only the burglary and contraband charges, Misquadace challenges the durational departures and the consecutive sentences. He claims that because the district court failed to identify substantial and compelling reasons for the departures, he is entitled to presumptive, concurrent sentences for the burglary and contraband offenses.

The state argues that Misquadace's plea agreement is a sufficient basis for all the departures and that, in any event, Misquadace cannot challenge only certain portions of a total "sentencing package."

## ISSUE

May a sentencing court depart from the presumptive sentence under the Minnesota Sentencing Guidelines solely because the defendant agrees to the departure?

## ANALYSIS

■ The district court enjoys broad discretion when sentencing criminals. *State v. Law*, 620 N.W.2d 562, 564 (Minn.App. 2000), *review denied* (Minn. Dec. 20, 2000). In sentencing felonies, that discretion is limited by the requirement that the "presumptive" sentence under the Minnesota Sentencing Guidelines is to be given unless the court expressly identifies substantial and compelling circumstances that would justify a departure from the presumptive sentence. Minn. Sent. Guidelines II.D.

"Although the sentencing guidelines are advisory to the district court, the court shall follow the procedures of the guidelines when it pronounces sentence." Minn. Stat. § 244.09, subd. 5(2) (2000). And when it deviates from the guidelines, "the district court shall make written findings of fact as to the reasons for the departure * * *." Minn.Stat. § 244.10, subd. 2 (2000).

■ Any sentencing departure that is not supported by substantial and compelling circumstances is an abuse of discretion and may not be allowed to stand. *See Williams v. State*, 361 N.W.2d 840, 844 (Minn.1985) ("If no reasons for departure are stated on the record at the time of sentencing, no departure will be allowed.").

■ It is undisputed that the sole reason for the challenged departures was Mis-

---

1. At the sentencing hearing the district court stated that burglary (Minn.Stat. § 609.582, subd. 3) carries a presumptive stayed sentence of 18 months, and that fleeing a peace officer (Minn.Stat. § 609.487, subd. 3) carries a presumptive stayed sentence of 13 months. However, it appears that the correct presumptive sentences under the sentencing guidelines are as stated in this opinion.

quadace's agreement. The issue then is whether the district court may properly depart from the presumptive sentence solely because the defendant agrees to the departure.

We have held that "under present Minnesota law, the trial court must provide a written record stating the reason for the departure when there is a negotiated plea." *State v. Synnes*, 454 N.W.2d 646, 647 (Minn.App.1990), *review denied* (Minn. June 26, 1990). Six years later, our supreme court decided that a defendant may waive the guidelines sentence through a plea bargain. *State v. Givens*, 544 N.W.2d 774, 777 (Minn.1996). The state relies on *Givens* for its argument that Misquadace's plea bargain is alone a sufficient basis for the departures.

■ *Givens* dealt with two questions: (1) Were there aggravating circumstances to justify the district court's upward durational departure? and (2) May a criminal defendant waive his "right" to be sentenced under the guidelines? The supreme court decided the first issue in the affirmative. Even though that decision was dispositive, the supreme court engaged in judicial dictum [2] and addressed the second issue as well:

> Although our holding on the departure factor could be dispositive of this case, we deem it appropriate to reach the other issue raised by the state * * *.

*Id.* at 776.

The supreme court began its discussion of the second issue with the assumption that a criminal defendant has a "right" to be sentenced to the relevant term prescribed by the Minnesota Sentencing Guidelines. *Id.* at 777. The court then observed that the law permits criminal defendants to waive virtually all of the constitutional, decisional, and statutory rights accorded them and concluded:

> We see no reason not to allow a defendant to agree to a departure as part of a plea bargain with the prosecutor. Accordingly, today we hold that defendants may relinquish their right to be sentenced under the guidelines.

*Id.*

When *Givens* was decided, Minn.Stat. § 244.09—the provision that requires courts to follow the guidelines—was silent as to whether or not a defendant had a "right" to a particular guidelines sentence. Minn.Stat. § 244.09 (1994). The *Givens* court acknowledged that statute. *Givens*, 544 N.W.2d at 774 n.1.

In 1997, the legislature amended section 244.09 by adding language that revealed the legislature's intent not to treat a sentence under the guidelines as a right that accrues to a criminal defendant:

> Sentencing pursuant to the sentencing guidelines is not a right that accrues to a person convicted of a felony; it is a procedure based on state public policy to maintain uniformity, proportionality, rationality, and predictability in sentencing.

Minn.Stat. § 244.09, subd. 5(2) (Supp. 1997).

■ Misquadace urges that the amendment of section 244.09 constitutes a legislative overruling of *Givens*. We do not need to address that argument, which invites an exploration of the separation of governmental powers. It is sufficient to note that *Givens* was decided under a law that has been changed. The current law, the one that we are compelled to apply, is that stated in the amended statute. The legislature has unequivocally demonstrated its

---

**2.** Dictum is a statement in an opinion that could have been eliminated without impairing the result of the opinion. *A Dictionary of Modern Legal Usage* 274 (2d ed.1995).

intent through the amendment and there is no longer any reason to interpret the statute, as perhaps there was when *Givens* was decided. *See State v. West*, 285 Minn. 188, 197, 173 N.W.2d 468, 474 (1969) ("It is not for the courts to make, amend, or change the statutory law, but only to apply it. If its language embodies a definite meaning which involves no absurdity or contradiction, the statute is its own best expositor.") (citation omitted). Furthermore, we are concerned about the implications of treating a prescribed guidelines sentence as a "right" owned by the defendant. If the prescribed sentence is a right that only the defendant may assert or waive, there could never be a judicial departure from the guidelines without the defendant's consent, just as there can never be a waiver of the right to a jury trial without the defendant's consent. Thus, we hold that, under current statutory law, a sentencing court must support any departure from the presumptive sentence with substantial and compelling reasons and it is not sufficient that the defendant merely accede to the departure in a plea bargain.

■ Misquadace invites us to modify his sentence without remanding to the district court. The state argues that the sentences at issue were part of a "package" and that a modification by this court allows Misquadace to retain all the benefits of the plea bargain but to escape a portion of the consequences he agreed to.

We agree with the state. This was an intricate plea agreement involving many crimes. The object of the agreement from the state's point of view was to ensure a particular amount of time that Misquadace would serve in prison. From Misquadace's standpoint, the object was to avoid a first-degree murder prosecution and to resolve the many other charges pending against him. Everything was interrelated and it would be inappropriate for this court to make piecemeal corrections without regard to the effect of the corrections on the plea bargain. Therefore, the sentences for the crimes of burglary in the third degree and introduction of contraband into a jail are reversed and the entire case is remanded to the district court for resentencing as may be appropriate under the Minnesota Sentencing Guidelines. Because the reversed sentences were part of a plea agreement, the district court may also consider motions to vacate or to modify the agreement and may reconsider its own decision to accept the plea agreement, with a view toward achieving a sentence, if possible, that is consistent with the guidelines and the spirit of the plea agreement.

Finally, we are concerned that the particular factual bases for the guilty pleas were not disclosed. Rather, with Misquadace's agreement, the district court stated that it would rely on the "discovery" filed in court:

> What I'm going to do, Mr. Misquadace, or what I would be doing, and I've already done it, is to look at, it's called discovery, but it's basically the police reports, the statements, and the evidence that's been turned over to your attorney and that I know that you've had a chance to look over also. I'm going to use that as a basis to accept your guilty plea to the charge of manslaughter in the first degree.

The court did not mention discovery as it related to any other crime.

■ A guilty plea may not be accepted unless there exists a factual basis for concluding that the defendant actually committed an offense at least as serious as that to which he is pleading guilty. *State v. Goulette*, 258 N.W.2d 758, 760–61 (Minn. 1977). Although there are various ways to present the factual basis for a guilty plea, all of them contemplate the disclosure on the record of the specific facts that would

establish the elements of the crime to which the defendant is pleading guilty. *See Holscher v. State*, 282 N.W.2d 866, 867 (Minn.1979) (factual basis consisted of prosecutor's summarization of state's evidence, which was unchallenged by defendant); *State v. Neumann*, 262 N.W.2d 426, 432–33 (Minn.1978) (factual basis supplied by testimony from partial trial); *Goulette*, 258 N.W.2d at 761 (defendant denied he was guilty, factual support for plea based on defense counsel's summarization of state's proposed evidence); *State v. Hague*, 304 Minn. 139, 142, 229 N.W.2d 168, 169 (1975) (factual basis established, in part, by testimony of complainant).

Because the case is being remanded, the district court will have an opportunity to consider and to require the disclosure of the factual bases for pleas, if any, that may occur during further proceedings.

## DECISION

The district court does not have discretion to depart from the Minnesota Sentencing Guidelines solely because the defendant agrees to the departure, but rather must nevertheless disclose the substantial and compelling circumstances that support the departure.

Reversed and remanded.

LANSING, Judge (dissenting)

I respectfully dissent. I agree that written findings on guidelines departures help assure uniformity in sentencing, but I cannot agree that the holding of *Givens* is dictum that this court can disregard. Neither can I discern legislative intent to overrule *Givens* in the legislature's subsequent amendment to the sentencing guidelines.

The supreme court in *Givens* held that a defendant may waive his right to be sentenced under the guidelines and, therefore, may agree to a departure as part of a plea agreement. 544 N.W.2d at 777. That holding resolved a recurring issue—namely, whether a plea agreement providing a negotiated sentence duration is sufficient to support a departure. *See State v. Pearson*, 479 N.W.2d 401, 405–06 (Minn.App. 1991) (holding that defendant's admissions in pleading guilty made plea agreement adequate grounds for departure), *review denied* (Minn. Feb. 10, 1992); *cf. State v. Synnes*, 454 N.W.2d 646, 647 (Minn.App. 1990) (holding that plea agreement was not adequate basis for departure), *review denied* (Minn. June 26, 1990). The supreme court's opinion on this core issue, even if it were dictum, is entitled to considerable weight. *See In re Estate of Bush*, 302 Minn. 188, 207, 224 N.W.2d 489, 501 (1974) (assigning considerable weight to dictum that contains strong indication of court's opinion on question directly involved and argued).

The legislature has amended the sentencing guidelines statute in response to *Givens*. *See* 1997 Minn. Laws ch. 96, § 1. But the pre-amended statute was not central to the *Givens* analysis, and the *Givens* court merely referred to it in passing. *See Givens*, 544 N.W.2d at 774 n. 1 (noting history of sentencing guidelines, including enactment of Minn.Stat. § 244.09 (1994) establishing guidelines commission). The majority implies that the *Givens* court acknowledged that Minn.Stat. § 244.09, subd. 5 required the district courts to follow the guidelines. But that language was not added to the statute until the 1997 amendment. Thus, Minn.Stat. § 244.09, subd. 5 was not at issue in *Givens*, and the 1997 amendment to that statute does not undermine the *Givens* holding that a negotiated sentence duration is sufficient to support a departure unless the amendment demonstrates a legislative intent to overrule *Givens*.

The 1997 amendment merely states that sentencing pursuant to the guidelines "is not a right that accrues to a person convicted of a felony" but, rather, a procedure rooted in public policy. Minn.Stat. § 244.09, subd. 5 (2000). This language expresses disagreement with the *Givens* characterization of guidelines sentencing as a "right." But it is silent on the *Givens* analysis that is at issue here—whether a sentencing departure may be based solely on a plea agreement. Furthermore, another provision in the same law prohibits the guidelines commission from making a plea agreement an impermissible grounds for departure. 1997 Minn. Laws ch. 96, § 11(a). The law also directs the guidelines commission to study "the advisability of allowing a plea agreement to be used as a reason for a departure." *Id.,* § 11(b). Thus, no legislative intent to overrule *Givens* can be read into the 1997 amendment. Accordingly, I believe this court must follow *Givens* and affirm the sentencing departures.

The majority extends its criticism of the "rights" analysis in *Givens* too far. The *Givens* court posited a "right to be sentenced under the guidelines," 544 N.W.2d at 777, in the context of an agreed-upon upward departure. Nothing in the opinion suggests that a defendant has a right to the presumptive sentence that would bar any upward departure even when aggravating circumstances exist.

Finally, the majority appears to remand to allow the district court to amplify the factual basis for the plea. But appellant has not raised that issue on appeal. Furthermore, the usual remedy for an inadequate factual basis, withdrawal of the plea, is a remedy Misquadace does not seek. *See State v. Ecker,* 524 N.W.2d 712, 716 (Minn.1994) (involving petition for postconviction relief to withdraw a guilty plea for lack of proper factual basis).