STATE of Minnesota, Petitioner,
Appellant,

v.

Erwin Lanell LEWIS, Respondent.

No. C7–01–1788.

Supreme Court of Minnesota.

Jan. 30, 2003.

Mike Hatch, Attorney General, James B. Early, Assistant Attorney General, St. Paul, and Timothy R. Faver, Beltrami County Attorney, Bemidji, for State of Minnesota.

John M. Stuart, State Public Defender, Marie Wolf, Assistant State Public Defender, Minneapolis, for Erwin Lanell Lewis.

## OPINION

HANSON, Justice.

Respondent Erwin L. Lewis ("Lewis") was charged with one count of first-degree criminal sexual conduct. Lewis. entered into a plea agreement in which he pleaded guilty to a reduced charge of second-degree criminal sexual conduct in exchange for a stayed 86 month sentence and 25 years of probation, an upward durational departure of more than four times the presumptive sentence. The court of appeals affirmed Lewis' conviction but remanded to the district court for resentencing consistent with this court's holding in *State v. Misquadace,* which was expressly made applicable to "pending" cases. We affirm the court of appeals' conclusion that Lewis' case was "pending" at the time of our decision in *Misquadace* but reverse the court of appeals' decision to limit the remand to only the sentencing component of the plea agreement.

On May 31, 2000, Lewis' niece by marriage accused him of sexually assaulting her during a family gathering in December 1995. She was twelve years old at the time of the assault. After an investigation, the Beltrami County Attorney charged Lewis with first-degree criminal sexual conduct. On June 20, 2001, Lewis agreed to plead guilty to an amended charge of second-degree criminal sexual conduct in exchange for a stayed 86 month sentence and probation for 25 years. Under the 2001 Minnesota Sentencing Guidelines, the presumptive stayed sentence for a second-degree criminal sexual conduct conviction is 21 months.[1] Minnesota Sentencing Guidelines IV. Lewis later moved the district court to withdraw his guilty plea, arguing that he was innocent but had entered the plea because he lacked the financial resources and family support to endure a jury trial. The court denied Lewis' motion because he failed to present any evidence that his plea was involuntary. On July 27, 2001, the court sentenced Lewis in accordance with the plea agreement to 86 months stayed and probation for 25 years. The court gave no reasons to support the upward durational departure except the plea agreement itself.

Lewis filed a notice of appeal on October 17, 2001. At that time, this court was in the process of reviewing the court of appeals' decision in *State v. Misquadace,* 629 N.W.2d 487 (Minn.App.2001), *rev. granted* (Minn. Sept. 25, 2001). In *Misquadace,* the defendant agreed to plead guilty to four offenses under a plea agreement that contemplated four separate sentences, each containing some type of departure from the sentencing guidelines. 629 N.W.2d at 488–89. At his sentencing hearing, Misquadace attempted to withdraw his guilty plea, but the district court denied his motion and sentenced him in accordance with the plea agreement. *Id.; State v. Misquadace,* 644 N.W.2d 65, 67 (Minn.2002).

Misquadace appealed and argued that the district court failed to identify any substantial or compelling reasons for departing from the sentencing guidelines on two of his sentences. *Misquadace,* 629 N.W.2d at 489. The court of appeals re-

---

1. The Minnesota Sentencing Guidelines consider two factors in assigning a presumptive sentence to a particular conviction: offense severity and criminal history. Minnesota Sentencing Guidelines II. Because all of the elements of Lewis' crime fall within the statutory definition of second-degree criminal sexual conduct and Lewis had no prior criminal record, his presumptive sentence in this case is 21 months. *See* Minn.Stat. § 609.343, subd. 1(a) (2002).

versed and remanded, holding that the district court does not have the discretion to depart from the sentencing guidelines solely because the defendant agrees to do so in a plea agreement. *Id.* at 492. Additionally, the court of appeals required that the district court, on remand, "disclose the substantial and compelling circumstances that support the departure." *Id.* We granted review and affirmed the court of appeals, holding that all departures from the sentencing guidelines must be supported by something more substantial and compelling than the plea agreement alone. *Misquadace,* 644 N.W.2d at 72. We applied this new rule of law to Misquadace's case and stated that it would apply to all "pending and future cases." *Id.*

Following *Misquadace's* lead, Lewis argued on appeal that the district court erred by imposing a sentence of more than four times the presumptive sentence based solely on his plea agreement. *State v. Lewis,* No. C7–01–1788, 2002 WL 1275790, at *1 (Minn.App. June 11, 2002). Citing our decision in *Misquadace,* the court of appeals affirmed Lewis' conviction but remanded the sentencing component of the plea agreement to the district court for resentencing pursuant to the sentencing guidelines. *Lewis,* 2002 WL 1275790, at *2. The court of appeals concluded that the rule pronounced in *Misquadace* applied to Lewis' appeal because it was a "pending" case at the time of the *Misquadace* opinion. *Lewis,* 2002 WL 1275790, at *4.

The state appealed, arguing that the rule in *Misquadace* does not apply to Lewis' case because it was not "pending" at the time of the *Misquadace* opinion. The state argued alternatively that even if *Misquadace* applies, the court of appeals erred in remanding only the sentencing component of the plea agreement, which would allow Lewis to retain the benefit of a reduced charge while avoiding the burden of the agreed sentence. The state suggests that if the district court determines there are no independent grounds to support the sentence, it should be permitted to reconsider the entire plea agreement and, if it concludes that the reduced sentence would materially alter the plea bargain, to vacate the conviction and plea, reject the plea agreement and reinstate the original charge. We granted review.

I.

■ The state first argues that the rule in *Misquadace* does not apply retroactively to Lewis. We review *de novo* the question whether and to what extent our precedent should be given retroactive effect. *See, e.g., State v. Costello,* 646 N.W.2d 204, 207 (Minn.2002).

In *Misquadace,* we expressly limited its retroactive application to "this case [*Misquadace*] and to *pending* and future cases." 644 N.W.2d at 72 (emphasis added). The state interprets "pending" to be restricted to cases that had not yet reached the stage in the proceedings that *Misquadace* addressed, namely sentencing. Because Lewis had been sentenced before *Misquadace* was filed, the state contends that Lewis' case was not "pending" at that time.

While we did not expressly define "pending" in *Misquadace,* we have previously discussed what constitutes a "pending" case in both civil and criminal contexts. In a civil context, we held that a statutory amendment that was to apply to "pending" cases was applicable to a case that was not final because it was on appeal, stating that "[a]n appeal suspends a judgment and deprives it of its finality, and that lack of finality continues until the appeal is dismissed or until the appellate court has pronounced its decision." *Holen v. Minneapolis–St. Paul Metro. Airports Comm'n,* 250 Minn. 130, 84 N.W.2d 282,

287 (1957). We found this rationale even more compelling in criminal cases because to apply a new rule to the case in which it was announced but to not apply it to other cases that were then on direct appeal "would be to treat similarly situated criminal defendants differently." *State v. Baird,* 654 N.W.2d 105, 112 (Minn.2002) (citing *Griffith v. Kentucky,* 479 U.S. 314, 327, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)); *see also State v. Coolidge,* 282 N.W.2d 511, 514–15 (Minn.1979) (applying a statutory amendment that mitigated punishment for criminal sexual conduct to acts committed by defendant before its effective date because no final judgment had been entered); *State v. Hamilton,* 289 N.W.2d 470, 474–75 (Minn.1979) (vacating a sentence based on a criminal statute that was repealed while the defendant's conviction was on appellate review).[2]

■ Lewis timely appealed the district court's judgment of conviction and was awaiting a decision from the court of appeals at the time of our decision in *Misquadace.* His case, therefore, was not yet final and was "pending," in the sense that we have generally used that term. Additionally, in *Misquadace,* we did not adopt a purely prospective application of the rule because we applied it to Misquadace even though he had entered his plea almost two years before our decision. It would seem anomalous to apply the rule to Misquadace's plea, made on September 27, 2000, but not to apply it to Lewis' plea, made almost a year later on June 20, 2001.

Accordingly, we conclude that Lewis, whose direct appeal was pending before the court of appeals at the time of our decision in *Misquadace,* is entitled to the application of the rule of law announced in *Misquadace.*

## II.

The state next argues that, if we apply the rule in *Misquadace* to Lewis, we should not allow him to retain the benefit of the reduced charge component of the plea agreement if he obtains a reduction of the sentence component of the same plea agreement. The state submits that if the district court determines that there are no grounds to support the agreed sentence on the reduced charge, the court should vacate Lewis' guilty plea and reinstate the original charge.

The court of appeals disagreed. It construed *Misquadace* to only allow the district court to modify the sentence, while the conviction was to remain intact:

> On May 9, 2002, the Minnesota Supreme Court released *State v. Misquadace* * * * and analyzed the same issue—can a defendant, who has voluntarily plea bargained for a fixed sentence outside the Minnesota Sentencing Guidelines, come back and appeal the sentence but not have to withdraw completely from the plea agreement and not stand trial on all the original charges, including those that may have been dropped as part of the plea agreement? We can only read *Misquadace* to say that it is so.

*Lewis,* 2002 WL 1275790, at *2 (citation omitted).

We conclude that the court of appeals reads *Misquadace* too narrowly. *Misquadace* did not specifically address the question whether the district court, on remand, can reconsider the conviction component of a plea agreement if it finds no grounds for

---

**2.** In *Griffith,* the United States Supreme Court defined "final," for purposes of retroactivity, as "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or * * * finally denied." 479 U.S. at 321 n. 6, 107 S.Ct. 708.

departure from the sentencing guidelines on the sentencing component of the same plea agreement. We agree with the state's argument that these two components are interrelated and that the district court should be free to consider the effect that changes in the sentence have on the entire plea agreement.

We hold that where the district court finds no compelling or substantial circumstances supporting an upward departure in the sentence that was agreed upon in a plea agreement, it may consider motions to vacate the conviction and the plea agreement.[3]

Affirmed in part, reversed in part and remanded.

ANDERSON, RUSSELL A., J., took no part in the consideration or decision of this case.

---

**3.** A motion to vacate the conviction and the plea agreement may raise double-jeopardy concerns. We do not address those concerns because the parties have not argued them and the district court has not had an opportunity to consider them.