*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0769**

State of Minnesota,
Appellant,

vs.

Matthew Jonathan Hardy,
Respondent.

**Filed February 2, 2015
Reversed and remanded
Rodenberg, Judge**

Dakota County District Court
File No. 19HA-CR-13-1448

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Heather D. Pipenhagen, Assistant County Attorney, Hastings, Minnesota (for appellant)

Lynne Torgerson, Minneapolis, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Ross, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

Appellant State of Minnesota appeals from the district court's sentence after respondent Matthew Jonathan Hardy's conviction for first-degree criminal sexual conduct. Because the findings underlying the district court's dispositional departure from

the Minnesota Sentencing Guidelines are unclear, confusing, internally inconsistent and unsupported by the record, we reverse the sentence and remand for resentencing.

**FACTS**

From October 2011 through May 2012, respondent shared a home with his then-fiancée and a two-year-old child. They provided occasional respite care approximately two weekends a month for A.W., a 14-year-old girl. In his guilty plea to first-degree criminal sexual conduct, respondent agreed that, during this time, he sexually penetrated A.W. on multiple occasions. During this time period, respondent was on probation resulting from a second-degree assault conviction in 2009. The district court in that 2009 case had granted respondent a downward dispositional departure from a presumptive executed sentence, stayed execution of that sentence, and placed respondent on probation for seven years.

A.W. reported that respondent had sexual intercourse with her the first night she stayed at respondent's home, in the bedroom of the two-year-old child. A.W. estimated that respondent penetrated her vaginally, anally or orally on 50 occasions. Respondent's version was that A.W. "came on" to him, that he was unable to resist her advances, that she would not take "no" for an answer, and that he had vaginal, anal, and oral intercourse with A.W. "four or five" times.

Respondent was charged with multiple counts of criminal sexual conduct and pleaded guilty to one count of first-degree criminal sexual conduct (victim under the age of 16 and actor in a position of authority). The district court scheduled sentencing for five months after the plea. The district court stated that it was "going to delay sentencing

2

for treatment purposes" and ordered that respondent enter a treatment program within one month. Respondent attended two treatment programs. He first attended inpatient treatment at Alpha, but he was terminated from the program because he made threats of physical violence against a staff member. Later, respondent attended and completed a privately funded treatment program in Arizona "regarding sexual addiction and offending," among other disorders.[1]

Respondent's presumptive sentence for the present offense under the Minnesota Sentencing Guidelines was commitment to prison for 168 months. The district court's findings at and after sentencing were, to be generous, confusing and inconsistent. During the sentencing hearing, the district court stated, "I'm going to mark 'accepted responsibility in a minimalistic way,'" and "I'm going to mark 'amenable to probation' simply because I think you've demonstrated that you can follow rules if you're willing to do so." It also stated that respondent had not shown remorse and had not accepted responsibility, but then completed a departure report after sentencing indicating that respondent "shows remorse/accepts responsibility." The district court expressed a lack of confidence in respondent's motivations and his sincerity, but it later noted on the

---

[1] The prosecutor stated at sentencing that "probation has indicated clearly to me that this would never have been a program that they would approve and that they would consider, in any way, satisfy sex-offender treatment or programming." The parties, and the district court, did not characterize this treatment as sex-offender treatment. At sentencing, appellant indicated that probation did not "consider that six weeks [in Arizona] to be a completed program." The district court responded, "I didn't either." Respondent's brief characterizes the treatment program in Arizona as a "6 week inpatient/residential sexual addiction treatment program."

departure report that respondent was "amenable to probation." At the end of the sentencing hearing, the district court stated:

> I mean, I got to be honest. I really don't trust [respondent]. I wouldn't be shocked if I get a call from [the prosecutor] a year from now that he's done something stupid, and we're saying goodbye to him.
>
> I hope I'm wrong, you know. I hope I made the right decision, because it was difficult because [the prosecutor's] arguments are compelling. They're very good. I just wanted to give him an opportunity to be successful with his family.

The state appeals the district court's sentence.

## DECISION

Appellant argues that the district court erred in granting respondent's motion for a dispositional departure. We review a district court's decision to dispositionally depart for an abuse of discretion. *State v. Givens*, 544 N.W.2d 774, 776 (Minn. 1996). This standard, "while deferential, is not a limitless grant of power to the [district] court." *State v. Soto*, 855 N.W.2d 303, 312 (Minn. 2014) (quotation omitted).

A departure from the sentencing guidelines is permissible only when there are substantial and compelling reasons supporting departure. Minn. Sent. Guidelines 2.D (2011). Substantial and compelling circumstances are those that make a case atypical. *Taylor v. State*, 670 N.W.2d 584, 587 (Minn. 2003).

At the time of respondent's sentencing, the Minnesota Supreme Court was considering *Soto*, an appeal from a district court's downward dispositional departure for a defendant convicted of first-degree criminal sexual conduct. In *Soto*, the supreme court concluded that the district court abused its discretion in granting a dispositional departure

4

to a defendant "[g]iven the brutality of the crime and the absence in the record of any substantial and compelling circumstances that distinguish Soto from other defendants." 855 N.W.2d at 313 (quotation omitted). The supreme court concluded that, even though there were "a few" factors that "might suggest that Soto could be amenable to probation," they provided "very little support for the further conclusion that Soto had any *particular* amenability to probation relative to other defendants." *Id.* at 314. The supreme court clarified that "we have never said that merely being amenable to probation—as opposed to being *particularly* amenable to probation—can justify staying a presumptively executed sentence." *Id.* at 308.

The district court's findings in this case concerning appellant's amenability to probation are plainly self-contradictory and appear to be clearly erroneous. The district court expressed grave misgivings about respondent's sincerity and trustworthiness. At the time of the present offense, respondent was already on probation for felony assault with a firearm, having benefitted from an earlier dispositional departure. Respondent entered Alpha, a program for sex offenders, and he was terminated for threatening staff at that facility. He entered a private-pay facility in Arizona that was not a sex-offender treatment program and that the district court found did not amount to a completed program in any event.[2]

---

[2] Although it is not of dispositive importance, the Arizona facility was located and paid for by respondent or his family and was not approved in advance by the district court or probation as a sex-offender treatment program. It was not. It was a program for sexual addiction.

*Soto* holds that a downward dispositional departure requires a district court to find that the defendant is *particularly* amenable to probation and that his "amenability to probation distinguishes [him] from most others." *Id.* at 309. Only a defendant's "*particular* amenability to individualized treatment in a probationary setting" will support a dispositional departure. *Id.* at 308 (quoting *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982)).

Our careful review of the record compels us to conclude that the district court's findings were inadequate under *Soto* concerning whether respondent is particularly amenable to treatment in a probationary setting. Respondent sexually offended against A.W., a 14-year-old child entrusted to him for respite care, over an extended period of time, subjecting her to multiple forms of penetration, all while on probation under a downward dispositional departure for an earlier offense that called for a presumptive prison commitment under the sentencing guidelines. Respondent blamed A.W. for his crime. The district court observed that he demonstrated minimal remorse for his actions. Respondent was terminated from the only sex-offender treatment facility he entered after his crime, and his only attempt at treatment before sentencing was at a privately funded facility that does not provide sex-offender treatment.[3] The district court does not appear to have considered the significance of appellant's probationary status at the time

---

[3] We observe that, by continuing respondent's sentencing several times to allow respondent to locate a program that would accept him, the district court provided him opportunities not available to defendants lacking the personal financial resources to pay for such programs. This is contrary to the purpose of the sentencing guidelines for consistent treatment without regard to economic status. Minn. Sent. Guidelines I.A.1 (2012).

appellant engaged in this criminal behavior, or that the earlier probationary sentence was also a downward dispositional departure under the sentencing guidelines. The district court's statements on the record at sentencing are inconsistent with the departure report concerning the sentence and are inadequate to support a conclusion that respondent, as required by *Soto*, has any "*particular* amenability to probation relative to other defendants." *Id.* at 312. We therefore reverse the sentence and remand for sentencing consistent with the requirements of *Soto*.

**Reversed and remanded.**