**STATE of Minnesota, Respondent,**

v.

**Derick Lee AMUNDSON, Appellant.**

**No. A12–2095.**

Court of Appeals of Minnesota.

April 15, 2013.

Lori Swanson, Attorney General, St. Paul, Minnesota; and Anthony C. Palumbo, Anoka County Attorney, Robert D. Goodell, Assistant County Attorney, Anoka, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Cathryn Middlebrook, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by KIRK, Presiding Judge; STONEBURNER, Judge; and HUDSON, Judge.

## OPINION

STONEBURNER, Judge.

Appellant challenges the district court's application of Minn.Stat. § 590.04, subd. 3, which permits summary dismissal of second or successive petitions for similar postconviction relief on behalf of the same petitioner, to his motion for correction of sentence under Minn. R.Crim. P. 27.03, subd. 9. Appellant also asserts that because the sentencing court imposed an upward departure based solely on a plea agreement, this court must remand to the district court with instructions to correct his 2005 sentence for aiding an offender to be concurrent with his 2002 sentence for second-degree burglary. Respondent agrees that the district court erred by treating appellant's motion as a petition for postconviction relief and that the 2005 sentence was an upward sentencing departure supported only by a plea agreement. But the state argues that *Misquadace* does not apply to appellant's sentence. Alternatively, the state argues that if *Misquadace* applies, the case should be remanded to the district court to address possible

departure grounds. We reverse and remand for resentencing in accordance with this decision.

## FACTS

In October 2001, while on supervised release for a 1998 Dakota County conviction of second-degree burglary, appellant Derick Lee Amundson committed acts that gave rise to a September 2004 Anoka County charge of felony aiding an offender. In December 2004, Amundson pleaded guilty to aiding an offender. The plea agreement provided that no other charges relating to the October 2001 acts would be filed and that Amundson would be sentenced to 15 years, imposed consecutive to an 86–month Sherburne County sentence that Amundson was then serving for second-degree burglary committed in September 2001. In March 2005, Amundson was sentenced to 180 months for aiding an offender, consecutive to the 86–month burglary sentence.[1]

In 2010, Amundson petitioned for postconviction relief, raising a number of issues, including a claim that his sentence was not authorized by law because he was "given a consecutive sentence by using two non-person crimes." The postconviction court erroneously concluded that consecutive sentencing was permissive and that Amundson's petition was untimely because he failed to establish any exception to the two-year statute of limitations on postconviction relief. This court, in an order opinion, affirmed denial of the postconviction petition as time-barred, without addressing the merits of Amundson's sentencing challenge. *Amundson v. State*, A11–0455 (Minn.App. Oct. 5, 2011). Amundson did not petition for further review.

In 2012, Amundson moved under Minn. R.Crim. P. 27.03, subd. 9, for correction of his sentence, arguing that the consecutive sentence imposed in 2005 was not authorized by law because it constitutes an upward departure from sentencing guidelines that was imposed without supporting reasons. The district court summarily denied the motion, treating it as a petition for postconviction relief under Minn.Stat. § 590.04, subd. 3 (2012) (providing for summary denial of a second or successive petition for similar relief on behalf of the same petitioner and "when the issues raised in [the petition] have previously been decided by the Court of Appeals or the Supreme Court"). The district court also concluded that the petition was untimely and that Amundson failed to establish any exceptions to application of the two-year time limit in Minn.Stat. § 590.01, subd. 4.

After Amundson filed a notice of appeal, this court released its decision in *Vazquez v. State*, 822 N.W.2d 313, 318 (Minn.App. 2012). *Vazquez* held that the two-year time limit for petitions for postconviction relief does not apply to a motion for correction of a sentence based on a challenge to the accuracy of a criminal-history score that is properly brought under Minn. R.Crim. P. 27.03, subd. 9.

## ISSUES

I. Did the district court err by concluding that Amundson's sentencing-correction motion was untimely and was subject to summary dismissal under Minn.Stat. §§ 590.01, subds. 4, .04, subd. 3?

II. Is Amundson's sentence unauthorized by law?

III. What is the appropriate relief?

---

1. At the time of sentencing, the parties and the district court erroneously assumed that the sentencing guidelines did not apply to the offense of aiding an offender. A presentence investigation report and sentencing worksheet were not prepared until approximately one year after Amundson was sentenced.

## ANALYSIS

I. **Amundson's motion, challenging consecutive sentencing as unauthorized by law, is a motion properly filed under Minn. R.Crim. P. 27.03, subd. 9, and is not subject to the time limits or summary-dismissal provisions of statutes governing petitions for postconviction relief.**

A. **The two-year time limit for filing petitions for postconviction relief does not apply to Amundson's motion.**

In *Vazquez*, this court held that a motion for correction or reduction of sentence based on the accuracy of the criminal history score is properly brought under Minn. R.Crim. P. 27.03, subd. 9, and is not subject to the two-year statute of limitations set out in Minn.Stat. § 590.04. 822 N.W.2d at 320. This court reasoned that while the supreme court has permitted rule 27.03 motions to be treated as postconviction petitions, it has not mandated that treatment. *Id.* at 316 (citing *Bonga v. State*, 765 N.W.2d 639, 642–43 (Minn.2009); *Powers v. State*, 731 N.W.2d 499, 501 n.2 (Minn.2007)).

In *Vazquez*, we stated several reasons for concluding that the two-year time limit placed on postconviction petitions did not apply to Vazquez's motion that was filed under rule 27.03, subdivision 9. 822 N.W.2d at 318. Those reasons included: (1) the supreme court's holding in *State v. Maurstad*, 733 N.W.2d 141, 147–48 (Minn.2007), that a criminal defendant cannot waive or forfeit the right to challenge his sentence, particularly his criminal history score; (2) the importance of equity and fairness, which counterbalances any public interest in finality of a sentence that is unlawful or unauthorized; and (3) the "interests-of-justice" exception to the two-year postconviction statute of limitation, which favored addressing Vazquez's sentencing challenge on its merits. *Vazquez*, 822 N.W.2d at 320.

The same considerations favor treating Amundson's motion as a motion properly brought under rule 27.03, subdivision 9, not subject to the two-year time limit applied to postconviction petitions. Similar to the calculation of the criminal-history score involved in *Maurstad*, a defendant cannot waive or forfeit the right to challenge an unauthorized sentence merely because it was part of a plea agreement. *See State v. Misquadace*, 644 N.W.2d 65, 71–72 (Minn.2002) (holding that plea agreements cannot form the sole basis of sentencing departure, and modifying *State v. Givens*, 544 N.W.2d 774 (Minn.1996), which held that a defendant could, by plea agreement, waive sentencing under guidelines). And public policy favors addressing the merits of Amundson's challenge to his unauthorized sentence because any interest in finality is plainly outweighed by the importance of fairness and equity. Furthermore, in this case, the state has waived its right to claim that Amundson's motion is time-barred by conceding that *Vazquez* applies and that Amundson's motion is properly filed under rule 27.03, subdivision 9. *Cf. Carlton v. State*, 816 N.W.2d 590, 601–02, 606 (Minn.2012) (holding that the two-year time limit in Minn. Stat. § 590.01, subd. 4(c), is not jurisdictional bar but may be waived by state and recognizing that district court may grant postconviction relief beyond the time limit if state fails to assert it). For these reasons, we conclude that the district court erred by concluding that Amundson's rule 27.03 motion was a postconviction petition subject to the two-year time limit set out in Minn.Stat. § 590.01.

### B. Amundson's motion is not subject to summary dismissal under Minn.Stat. § 590.04, subd. 3.

Minn.Stat. § 590.04, subd. 3, provides that a postconviction court "may summarily deny a second or successive petition for similar relief on behalf of the same petitioner and may summarily deny a petition when the issues raised in it have previously been decided by the Court of Appeals or the Supreme Court on the same case."

■ As discussed above, Amundson's motion is a motion properly filed under rule 27.03, subdivision 9, and is not a second or successive petition for postconviction relief. Additionally, the issue raised in Amundson's motion has not previously been decided by this court. Amundson's petition for postconviction relief contained an assertion that his sentence was improper, but in affirming the district court's denial of that petition as untimely, this court did not address the merits of the petition. Because Amundson is entitled to seek relief at any time from imposition of an unauthorized sentence, the district court abused its discretion by summarily dismissing his rule 27.03, subdivision 9 motion under Minn.Stat. § 590.04, subd. 3.

### II. The district court was without authority to impose the aiding-an-offender sentence consecutive to the 2001 burglary conviction without providing reasons for an upward sentencing departure.

■ This court will not reverse the district court's denial of a motion brought under rule 27.03, subdivision 9, to correct a sentence, unless the district court abused its discretion or the original sentence was unauthorized by law. *Anderson v. State,* 794 N.W.2d 137, 139 (Minn.App.2011), *review denied* (Minn. Apr. 27, 2011). A sentence is unauthorized by law when it does not meet the requirements of the applicable sentencing statute. *State v. Cook,* 617 N.W.2d 417, 419 (Minn.App.2000), *review denied* (Minn. Nov. 21, 2000). Interpretation of sentencing statutes and procedural rules is a question of law subject to de novo review. *Johnson v. State,* 801 N.W.2d 173, 176 (Minn.2011) (procedural rules); *State v. Borrego,* 661 N.W.2d 663, 666 (Minn.App.2003) (sentencing statutes).

■ At the time Amundson committed the aiding-an-offender crime in October 2001, he had not been charged with the September 2001 Sherburne County burglary. He was charged with, convicted of, and sentenced for that burglary before he was sentenced for aiding an offender in 2005. The sentences for aiding an offender and burglary were therefore presumptive concurrent sentences. *See* Minn. Sent. Guidelines II.F. (2001). ("Generally, when an offender is convicted of multiple current offenses, or when there is a prior felony sentence which has not expired or been discharged, concurrent sentencing is presumptive."); *Id.* cmt. II.F.01(2001) ("For felony convictions committed while an offender is serving an executed prison sentence, ... it is presumptive to impose the sentence for the current offense consecutive to the sentence the offender was serving at the time the new offense was committed.").

■ Amundson's sentences for aiding an offender and the 2001 burglary also did not qualify for permissive consecutive sentencing. *See* Minn. Sent. Guidelines II. F.1. (2001) ("A current felony conviction for a crime against a person may be sentenced consecutively to a prior felony sentence for a crime against a person which has not expired or been discharged."). The phrase "crime against a person" is not defined by the 2001 guidelines. *See State v. Myers,* 627 N.W.2d 58, 62 (Minn.2001). Courts look to whether the "defendant's

underlying conduct in committing the crime poses a special danger to human life." *Id.* at 62–63. In this case, Amundson's Sherburne County second-degree burglary offense involved him kicking in the door of a garage and entering an unoccupied home. And his offense of aiding an offender in this case is similar to the crime of being an accomplice after the fact, which has been held to be a crime against the administration of justice, not a crime against personal victims. *See State v. Skipintheday,* 717 N.W.2d 423, 426–27, 426 n. 3 (Minn.2006) (distinguishing between co-conspirator who helps someone commit crime and accomplice-after-the-fact who is involved after victims have been harmed). Because neither of Amundson's offenses posed a special danger to human life, the offenses were not crimes against a person so as to *permit* consecutive sentencing under the 2001 guidelines.

The state concedes that consecutive sentencing in Amundson's case constituted a departure from the 2001 sentencing guidelines. But the state argues that the departure can be supported by the plea agreement, citing *State v. Givens,* 544 N.W.2d 774, 777 (Minn.1996), which held that defendants may relinquish their right to be sentenced under the guidelines. The state acknowledges that *Givens* was modified by *Misquadace* but asserts that *Givens* applies here because it was the law in effect at the time the offense of aiding an offender was committed and because *Misquadace* is limited to "pending and future cases." *Misquadace,* 644 N.W.2d at 72. We disagree.

■■■ The supreme court has held that "[b]ecause we limited application of our holding [in *Misquadace* ] to pending and future cases, the holding does not apply to [a] conviction [that] was final before *Misquadace* was decided." *Hutchinson v. State,* 679 N.W.2d 160, 165 (Minn. 2004); *see also State v. Kilgore,* 661 N.W.2d 654, 657 (Minn.App.2003) (holding that a case is "pending" for purposes of application of *Misquadace* when time for direct appeal had not yet expired), *review denied* (Minn. Aug. 19, 2003). None of the cases considering the applicability of *Misquadace* examine when the offense occurred or the date of the offense; the applicability of *Misquadace* hinges on whether the case was "final" before *Misquadace* was decided. Because Amundson had not been charged with aiding an offender when *Misquadace* was decided, Amundson's case is a "future" case to which *Misquadace* applies.

### III. Amundson is entitled to correction of sentence.

■■■ Amundson argues that a remand to allow the district court to provide reasons for the sentencing departure is inappropriate and that his illegal sentence must be corrected to a concurrent term. We agree. In *State v. Geller,* 665 N.W.2d 514, 517 (Minn.2003), the supreme court held that this court erred in remanding a case in which the sentencing court failed to state reasons for an upward departure on the record at the time of sentencing. The supreme court, in *Geller,* reaffirmed its decision in *Williams v. State,* 361 N.W.2d 840 (Minn.1985), stating that *Williams* set out a "clear" rule: "absent a statement of the reasons for the sentencing departure placed on the record at the time of sentencing, no departure will be allowed." *Geller* 665 N.W.2d at 517.[2]

---

**2.** Amundson also asserts that the state's request to remand the matter to give the state an opportunity to seek vacation of appellant's guilty plea, over his objection, may raise double jeopardy concerns. *See State v. Jeffries,* 806 N.W.2d 56, 65 (Minn.2011). Because *Geller* requires correction of sentence without remand, we decline to address this issue. *See*

The state, citing *State v. Lewis,* 656 N.W.2d 535 (Minn.2003), argues that this case should be remanded to allow the district court to provide reasons for the upward departure. But in *State v. Rannow,* 703 N.W.2d 575, 580 (Minn.App. 2005), this court rejected a similar argument and held that under *Geller,* which was decided after *Lewis,* a remand was required, with instructions to the district court to impose a sentence that does not constitute a departure from the guidelines. We likewise reject the state's argument here.

## DECISION

The district court erred by treating Amundson's rule 27.03, subdivision 9 motion as a postconviction petition and by summarily denying his motion under Minn. Stat. §§ 590.01, .04. Because the sentence imposed was unauthorized by the sentencing guidelines in effect at the time the offense was committed and because the resulting upward departure from the guidelines was not supported by valid reasons stated at the time of sentencing, we reverse the imposition of consecutive sentences and remand for resentencing with instructions to impose the aiding-an-offender sentence concurrent with the 86–month Sherburne County burglary sentence.

**Reversed and remanded.**

*State v. Hoyt,* 304 N.W.2d 884, 888 (Minn. 1981) ("[Courts] do not decide constitutional questions except when necessary to do so in order to dispose of the case at bar.").