Oscar Adrian OROZCO, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. A13–0427.

Court of Appeals of Minnesota.

Jan. 6, 2014.

Cathryn Middlebrook, Chief Appellate Public Defender, Lydia Maria Villalva Lijo, Assistant Public Defender, St. Paul, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, Minnesota; and Michael O. Freeman, Hennepin County Attorney, Jean Elizabeth Burdorf, Assistant County Attorney, Minneapolis, MN, for respondent.

Considered and decided by PETERSON, Presiding Judge; HALBROOKS, Judge; and ROSS, Judge.

## OPINION

PETERSON, Judge.

This appeal is from a district court order that denied appellant's motion to correct his sentence under Minn. R.Crim. P. 27.03, subd. 9. The district court construed appellant's motion as a petition for postconviction relief and denied it as time-barred. We affirm.

## FACTS

In June 2000, appellant Oscar Adrian Orozco shot and killed J.A. Respondent State of Minnesota charged appellant with second-degree intentional murder, in violation of Minn.Stat. § 609.19, subd. 1(1) (1998), and second-degree unintentional murder, in violation of Minn.Stat. § 609.19, subd. 2(1) (1998). Under the Minnesota Sentencing Guidelines, the presumptive sentence for second-degree intentional murder was 306 months and the presumptive sentence for second-degree unintentional murder was 150 months. Minn. Sent. Guidelines IV (1998).

Pursuant to a plea agreement, appellant pleaded guilty to the unintentional-murder charge and agreed to a 220–month sentence, and the state dismissed the intentional-murder charge. Thus, by pleading guilty and agreeing to the 70–month upward durational departure on the unintentional-murder charge, appellant avoided the possibility of a 306–month sentence for a conviction of intentional murder. When describing the plea agreement to the district court, the prosecutor explained that the 220–month sentence was selected because it was a compromise between the guidelines sentences for intentional and unintentional murder. On January 4, 2001, the district court sentenced appellant to serve 220 months in prison. Appellant did not directly appeal his conviction or sentence.

On October 1, 2012, appellant brought a motion to correct his sentence under Minn. R.Crim. P. 27.03, subd. 9, arguing that the 220–month sentence was unauthorized because the parties' plea agreement was the sole basis for the upward durational departure, the departure was not supported by substantial and compelling factors, and appellant did not knowingly waive his right to be sentenced according to the sentenc-

ing guidelines.[1] The district court determined that although appellant framed his motion as a request to correct his sentence under Minn. R.Crim. P. 27.03, subd. 9, appellant was really asking that his plea agreement be voided and, because appellant's motion implicated the finality of his conviction, the motion should be treated as a petition for postconviction relief, rather than a motion to correct appellant's sentence. The district court concluded that appellant's motion was time-barred because appellant did not bring the motion within the two-year limitations period for a petition for postconviction relief under Minn.Stat. § 590.01, subd. 4(a) (2012). This appeal follows.

### ISSUE

Did the district court err in construing appellant's motion under Minn. R.Crim. P. 27.03, subd. 9, as a petition for postconviction relief?

### ANALYSIS

■ The decision of a postconviction court will not be disturbed unless the court abused its discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn.2012). We review issues of law de novo but will not reverse findings of fact unless they are clearly erroneous. *Id.* "The interpretation of a procedural rule is subject to de novo re-

view." *Johnson v. State*, 801 N.W.2d 173, 176 (Minn.2011).

### I.

Minn. R.Crim. P. 27.03, subd. 9, provides that a "court may at any time correct a sentence not authorized by law." The postconviction-relief statute provides that "[n]o petition for postconviction relief may be filed more than two years after ... the entry of judgment of conviction or sentence if no direct appeal is filed." Minn. Stat. § 590.01, subd. 4(a)(1) (2012).

■ Appellant contends that his motion complied with the plain language of rule 27.03, subd. 9, and sought only correction of his sentence. Appellant argues that the district court erred in summarily denying his motion as if it were a petition for postconviction relief because, in two recent decisions, *Vazquez v. State*, 822 N.W.2d 313 (Minn.App.2012), and *State v. Amundson*, 828 N.W.2d 747 (Minn.App.2013), this court determined that the two-year limitations period for filing a postconviction petition does not apply to a motion brought under rule 27.03. We do not agree that in either of these two decisions this court determined that the two-year limitations period does not apply to a motion to correct a sentence that was imposed in accordance with a plea agreement.

Appellant correctly states that, in *Vazquez*, this court held that a motion to

---

1. In *State v. Misquadace*, 644 N.W.2d 65, 72 (Minn.2002), the supreme court held that a sentencing departure "must be supported by substantial and compelling circumstances, and that a plea agreement—standing alone— is not a sufficient basis to depart from the sentencing guidelines." But the holding in *Misquadace* is not retroactive. *Id.* In *State v. Givens*, 544 N.W.2d 774, 777 (Minn.1996), the supreme court held that a defendant may waive the right to be sentenced under the sentencing guidelines, but the waiver must be knowing, intelligent, and voluntary; the defendant must have been advised of the right to

be sentenced under the guidelines and must have had an opportunity to consult counsel; and the waiver must be approved by the trial court. We note that both *Misquadace* and *Givens* were decided before the legislature amended the postconviction statute to add a two-year limitations period for filing a petition. *See* 2005 Minn. Laws ch. 136, art. 14, § 13, at 1097–98. We also note that the district court did not determine whether appellant waived his right to be sentenced under the sentencing guidelines in accordance with *Givens*.

correct a sentence that was based solely on an incorrect criminal-history score was properly brought under rule 27.03, subdivision 9. 822 N.W.2d at 320. But this narrow holding, which addressed the facts in *Vazquez*, does not mean that appellant's motion, which is based on facts that are significantly different from the facts in *Vazquez*, was properly brought under rule 27.03.

Vazquez was convicted following a trial, and he was sentenced under the sentencing guidelines based on a determination that his criminal-history score was five. *Id.* at 314. Vazquez filed a motion under Minn. R.Crim. P. 27.03, subd. 9, in which he claimed that his criminal-history score was incorrectly calculated and that he was entitled to a lesser sentence. *Id.* In analyzing whether rule 27.03, subdivision 9, governed Vazquez's sentencing challenge, this court determined that the public has an interest in the finality of a sentence, which is served by the postconviction statute's two-year limitations period, and an interest in a sentence being correct, which requires a correct criminal-history score. *Id.* at 319. This court then concluded that the public interest in the finality of a sentence is not as great as the public interest in a correct sentence, and "[p]ublic policy, therefore, weighs against applying the two-year postconviction statute of limitations, and in favor of considering a criminal-history-score challenge, whenever it is presented." *Id.*

Unlike Vazquez, appellant pleaded guilty and was sentenced in accordance with a plea agreement in which he specifically agreed to a 70–month upward durational departure, in exchange for the state's agreement to dismiss an intentional-murder charge. Because the upward durational departure was imposed as part of a plea agreement, granting appellant's motion to correct his sentence would give the state a right under *State v. Lewis*, 656 N.W.2d 535 (Minn.2003), to seek vacation of appellant's conviction and would, therefore, affect both appellant's sentence and his conviction.

Like appellant, Lewis entered into a plea agreement under which he pleaded guilty to a reduced charge, in exchange for an upward durational sentencing departure. *Id.* at 536. When Lewis later moved to withdraw his guilty plea, the district court denied the motion and sentenced him in accordance with the plea agreement and gave no reason to support the durational departure other than the plea agreement. *Id.* Citing *Misquadace*, Lewis appealed to this court, arguing that the district court erred by imposing the departure based solely on the plea agreement. *Id.* at 537. This court affirmed Lewis's conviction but remanded for resentencing pursuant to the sentencing guidelines. *Id.* The state appealed, arguing that even if *Misquadace* applied, this court "erred in remanding only the sentencing component of the plea agreement, which would allow Lewis to retain the benefit of a reduced charge while avoiding the burden of the agreed sentence." *Id.* The supreme court agreed with the state's argument that the conviction and sentencing components of the plea agreement were "interrelated" and "that the district court should be free to consider the effect that changes in sentence have on the entire plea agreement." *Id.* at 539. The supreme court reversed this court's decision to limit the remand to the sentencing component of the plea agreement and held "that where the district court finds no compelling or substantial circumstances supporting an upward departure in the sentence that was agreed upon in a plea agreement, it may consider motions to vacate the conviction and the plea agreement." *Id.; see also State v. Montermini*, 819 N.W.2d 447, 454–55 (Minn.App.2012) (applying *Lewis* and recognizing that the

district court, in considering a decision on remand, has "flexibility to consider the effect of the court of appeals decision on the remainder of the plea agreement").

Although appellant's motion sought only correction of his sentence, the requested correction would allow appellant to retain the benefit of the state's dismissal of the intentional-murder charge, while avoiding the burden of the agreed-upon sentence. *See State v. Meredyk*, 754 N.W.2d 596, 603 (Minn.App.2008) (describing a plea agreement as "a bargained-for understanding between the government and criminal defendants in which each side foregoes certain rights and assumes certain risks in exchange for a degree of certainty"). Under *Lewis*, appellant is not entitled to limit the district court's authority to consider a request by the state to vacate the conviction and the plea agreement. Consequently, in addition to the public interest in both the finality and the correctness of the sentence, which were at stake in *Vazquez*, appellant's sentencing challenge also implicates the public's interest in the finality of the conviction.

In *Vazquez*, this court did not consider the public's interest in the finality of a conviction because correcting Vazquez's criminal-history score would affect only his sentence; it would not affect his conviction. But this court explicitly stated in *Vazquez* that the public's interest in the finality of a sentence is not as great as the public's interest in the finality of a conviction. 822 N.W.2d at 319. By explicitly recognizing the greater public interest in the finality of a conviction, this court acknowledged that *Vazquez* did not address

a sentencing-correction motion that would affect the finality of a conviction.[2] We, therefore, conclude that *Vazquez* did not determine that the two-year limitations period for postconviction petitions does not apply to a rule 27.03 motion that, like appellant's motion, affects the finality of a conviction.

In *Amundson*, seven years after being sentenced in accordance with a plea agreement under which he agreed to an upward sentencing departure, in exchange for the state's agreement that no additional charges would be filed, Amundson brought a motion under Minn. R.Crim. P. 27.03, subd. 9, to correct his sentence. 828 N.W.2d at 750. The district court treated the motion as a petition for postconviction relief and concluded that the petition was untimely. *Id.* This court concluded that *Vazquez* applied and that the district court erred by treating Amundson's motion as a petition for postconviction relief that was subject to the two-year limitations period. *Id.* at 751.

But this court did not consider whether the fact that Amundson's sentence was agreed to in a plea agreement affected the applicability of *Vazquez* because the state had "waived its right to claim that [the] motion [was] time-barred by conceding that *Vazquez* applie[d] and that [the] motion [was] properly filed under rule 27.03, subdivision 9."[3] *Id.* We, therefore, conclude that, although Amundson's motion was brought under circumstances similar to appellant's motion, *Amundson* did not determine that the two-year limitations period for postconviction petitions does not apply to a rule 27.03 motion that, like

**2.** This court also noted in *Vazquez* that it "express[ed] no opinion regarding an offender's transparent attempt to use rule 27.03, subdivision 9, in order to circumvent the two-year postconviction limitations provision." 822 N.W.2d at 318 n. 3.

**3.** This court also declined to address "the state's request to remand the matter to give the state an opportunity to seek vacation of appellant's guilty plea." 828 N.W.2d at 753 n. 2.

appellant's motion, affects the finality of a conviction.

## II.

The supreme court has determined that a district court's decision to treat a motion brought under Minn. R.Crim. P. 27.03, subd. 9, as a petition for postconviction relief "finds support in the language of Minn.Stat. § 590.01, which is broad enough to encompass a motion pursuant to Minn. R.Crim. P. 27.03." *Powers v. State*, 731 N.W.2d 499, 501 n. 2 (Minn.2007). In reaching its decision to treat appellant's motion as a petition for postconviction relief, the district court looked beyond appellant's claimed basis for the motion and considered the substantive effect of granting or denying the motion.

 Minn. R.Crim. P. 27.03, subd. 9, states that a "court may at any time correct a sentence not authorized by law." Under the plain meaning of this language, the rule grants a court authority only to correct a sentence. *See Johnson*, 801 N.W.2d at 176 (stating that "the plain language of [rule 27.03, subdivision 9,] does not allow a defendant to challenge his conviction"). Although a corrected sentence was the only relief that appellant requested in his motion, the district court recognized that the conviction and sentencing components of appellant's plea agreement are interrelated and that it should consider the effect that granting the requested sentence correction would have on the entire plea agreement. Because the district court determined that granting the motion would require more than "correcting" appellant's sentence, the district court concluded that the motion should be treated as a petition for postconviction relief. The district court did not abuse its discretion in doing so.

## DECISION

Because granting appellant's motion to correct his sentence would implicate the finality of appellant's conviction by allowing appellant to retain the benefit of the state's dismissal of the intentional-murder charge while avoiding the burden of his agreed-upon sentence, the district court did not abuse its discretion by treating the motion as a petition for postconviction relief, which was time-barred under Minn. Stat. § 590.01, subd. 4(a).

**Affirmed.**