*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2411**

Willie James Richardson, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 25, 2014
Affirmed
Chutich, Judge**

Hennepin County District Court
File No. 27-CR-04-003207

Willie James Richardson, Rush City, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Ross, Judge; and Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CHUTICH**, Judge

Appellant Willie Richardson challenges his sentence for his 2004 conviction of first-degree criminal sexual conduct, contending that the district court improperly treated

his motion to correct his sentence as a postconviction petition and abused its discretion in denying his motion. Because the district court properly applied the postconviction statute to Richardson's motion and because his motion is procedurally barred, we affirm.

## FACTS

In January 2004, Richardson sexually assaulted his 18-year-old stepdaughter L.L. Richardson told L.L. that he wanted to talk with her and, after she and Richardson entered Richardson's bedroom, Richardson locked the door and told her to remove her clothing. Richardson punched L.L. in the face when she refused, and when she removed her clothes and started crying, Richardson hit her legs, back, and chest with a baseball bat. After hitting her at least six times, Richardson raped her.

The state charged Richardson with two counts of first-degree criminal sexual conduct (with a dangerous weapon and using force) and one count of second-degree assault. *See* Minn. Stat. §§ 609.222, subd. 1, .342, subds. 1(d), 1(e)(i) (2002).

In December 2004, a jury found Richardson guilty of all three counts. At the *Blakely* hearing, the jury responded affirmatively to two special-verdict questions: (1) "Did the defendant treat [L.L.] with particular cruelty by the gratuitous infliction of pain upon her while he sexually assaulted her on January 11, 2004?"; and (2) "Did the defendant use his position of trust to facilitate the commission of the criminal sexual conduct on January 11, 2004?"

Richardson moved for a new trial. The district court denied his motion and sentenced him to 288 months for first-degree criminal sexual conduct (a double upward departure) to be served consecutively to a 31-month sentence for second-degree assault.

2

In Richardson's direct appeal, we held that the district court properly denied his new-trial motion and that the district court "had inherent authority to submit the sentencing question to the jury." *State v. Richardson*, No. A05-995, 2006 WL 2052948, at *5 (Minn. App. July 25, 2006). But we vacated Richardson's assault conviction because we held that it was a lesser-included offense of first-degree criminal sexual conduct with a dangerous weapon. *Id.* at *3.

In December 2007, Richardson filed a pro se petition for postconviction relief, which the district court denied. In June 2008, Richardson again filed a pro se petition for postconviction relief, and the district court denied his petition.

In August 2013, Richardson filed the "motion for correction and reduction of sentence" at issue in this appeal. The district court denied Richardson's motion. The district court held that Richardson's claims are "barred both statutorily by the time-bar and by the application of the *Knaffla* rule"; that no exceptions to the rules were present; "that the double upward departure was legal"; and that Richardson is "not entitled to an evidentiary hearing." This appeal followed.

## D E C I S I O N

We review a district court's decision to deny a petition for postconviction relief for an abuse of discretion. *Riley v. State,* 819 N.W.2d 162, 167 (Minn. 2012). We will not reverse findings of fact unless they are clearly erroneous, but we review legal issues de novo. *Id.* "The interpretation of a procedural rule is subject to de novo review." *Johnson v. State,* 801 N.W.2d 173, 176 (Minn. 2011).

3

# I.    Applicability of Postconviction Relief Statute

Richardson contends that the district court should not have treated his motion to correct his sentence as a postconviction petition and that it erred by applying the *Knaffla* rule and the statutory time bar in Minnesota Statutes section 590.01, subdivision 4 (2012).  We disagree.

Richardson's motion is based on Minnesota Rule of Criminal Procedure 27.03, subdivision 9, which provides in relevant part: "The court may at any time correct a sentence not authorized by law."  A person may also challenge his sentence under the postconviction relief statute, section 590.01 of the Minnesota Statutes (2012).

But petitions for postconviction relief may not be filed "more than two years after the later of: (1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal."  Minn. Stat. § 590.01, subd. 4(a).  Rule 27.03, subdivision 9, by contrast, does not include any express time restrictions.

A person "may not avoid the requirements of the postconviction act by simply labeling a challenge as a motion to correct [his] sentence under rule 27.03, subdivision 9." *Washington v. State*, 845 N.W.2d 205, 212 (Minn. App. 2014); *see Johnson v. State*, 801 N.W.2d 173, 176 (Minn. 2011).  To avoid the two-year time bar, Richardson's motion to correct his sentence must be within the scope of rule 27.03, subdivision 9; in other words, it must assert that his sentence is unauthorized by law "in the sense that the sentence is contrary to an applicable statute or other applicable law."  *Id.* at 213

4

(quotation omitted). If Richardson wants to challenge his sentence for any other reason, he must do so under the postconviction statute. *See id.* at 214.

Richardson contends that his sentence is illegal because (1) the sexual assault was "typical" and not particularly cruel; (2) the particularly-cruel finding was based on conduct underlying the assault conviction; (3) the aggravating-factor instruction did not define particular cruelty; and (4) his position of trust was not a substantial factor in the commission of the sexual assault. Richardson's claims that the factors were wrongly applied in his case are not within the scope of rule 27.03, subdivision 9. The rule will not apply "if a party has challenged a sentence on the ground that the facts before the district court at sentencing were inaccurate or that a district court otherwise erred by selecting one among two or more sentences that are authorized by law." *Washington*, 845 N.W.2d at 213.

Contrary to Richardson's position, the district court provided reasons to support its decision to depart: the jury's findings that Richardson "treated the victim with particular cruelty by the gratuitous infliction of pain upon her while he sexually assaulted her" and that Richardson "used his position of trust to facilitate the commission of the criminal sexual conduct." Upward departures that are supported by legally permissible reasons and facts in the record are authorized by law. *See State v. Robideau*, 817 N.W.2d 180, 185 (Minn. App. 2012).

Because Richardson does not assert that his 288-month sentence is "contrary to law or applicable statutes or contrary to statutory requirements; in excess of that prescribed by the relevant statutes; or in excess of a statutory provision or otherwise

5

contrary to the applicable statute," the district court properly applied the postconviction relief statute to his motion. *See Washington*, 845 N.W.2d at 214 (citations and quotations omitted).

## II. Procedural Bar

Because Richardson's claims are not properly filed under rule 27.03, subdivision 9, we analyze his motion as if it were filed as a petition for postconviction relief. Petitions for postconviction relief may not be filed "more than two years after . . . an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a)(2). Moreover, "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). And "matters raised or known but not raised in an earlier petition for postconviction relief will generally not be considered in subsequent petitions for postconviction relief." *Powers v. State*, 731 N.W.2d 499, 501 (Minn. 2007).

Because Richardson filed his current petition in August 2013, more than six years after his conviction became final, his petition is untimely. *See* Minn. Stat. § 590.01, subd. 4(a)(2); *Berkovitz v. State*, 826 N.W.2d 203, 207 (Minn. 2013). In addition, his claims were either known to him or should have been known to him at the time of his direct appeal and his earlier petitions for postconviction relief. *See Powers*, 731 N.W.2d at 501.

Petitions for postconviction relief may still be heard if "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of

justice." Minn. Stat. § 590.01, subd. 4(b)(5); *see Powers*, 731 N.W.2d at 502 (holding that one exception to the *Knaffla* rule is "if the interests of justice require review").

Richardson relies on *State v. Amundson*, in which we reversed an unauthorized sentence, to argue that his petition is in the interests of justice. 828 N.W.2d 747, 754 (Minn. App. 2013). Amundson challenged the district court's decision to impose consecutive sentences for his convictions of aiding an offender and second-degree burglary. *Id.* at 750. The state conceded that Amundson's motion was properly filed under rule 27.03, subdivision 9. *Id.* at 751. Under the sentencing guidelines, the sentences for aiding an offender and burglary were presumptive concurrent sentences and did not qualify for permissive consecutive sentencing. *Id.* at 752. We held that the imposition of the consecutive sentences was therefore illegal, and, because the district court did not set forth reasons for a departure, we rejected the state's argument that the case should be remanded to allow the district court to provide reasons for departing. *Id.* at 754.

But here, the district court's decision to impose an upward departure was permissible based on the jury's findings of aggravating factors. Accordingly, *Amundson* is not applicable. Richardson's petition does not satisfy the interests-of-justice exception and is therefore procedurally barred.

**Affirmed.**

7