*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0745**

Terelle Eugene Shaw, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed December 29, 2014
Affirmed
Huspeni, Judge**[*]

Hennepin County District Court
File No. 27-CR-98-126941

Cathryn Middlebrook, Chief Appellate Public Defender, Stephanie A. Karri, Assistant Public Defender, St. Paul, Minnesota; and

Bradford W. Colbert, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry III, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Rodenberg, Presiding Judge; Kirk, Judge; and Huspeni, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**HUSPENI**, Judge

In this appeal challenging a sentencing departure imposed under a plea agreement, appellant argues that the departure is unlawful because the only reason the district court gave for the departure was the parties' agreement. We affirm.

**FACTS**

A grand jury indicted appellant Terelle Eugene Shaw on one count of first-degree premeditated murder and one count of second-degree intentional murder. In exchange for the state's dismissal of the first-degree charge and agreement that appellant's brother and mother, who had been charged as accomplices, would receive probation, appellant pleaded guilty to second-degree intentional murder. In June 1999, as provided in the plea agreement, appellant was sentenced to 396 months in prison, an upward durational departure from the presumptive sentence.

In April 2002, the district court summarily denied appellant's motion for postconviction relief in which he argued that he did not validly waive his right to be sentenced according to the guidelines and that he received ineffective assistance of counsel. This court dismissed appellant's appeal from that denial as untimely and denied his motion to reinstate it.

In 2013, appellant filed a motion to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9. In a supplemental memorandum, he argued that his sentence was illegal under *State v. Misquadace*, 644 N.W.2d 65 (Minn. 2002), which held that a plea agreement alone is not a sufficient basis to support an upward durational departure. The

district court characterized appellant's motion as a postconvction petition and summarily denied relief. This appeal followed.

# DECISION

## I.

We note initially the impact in this appeal of Minn. R. Crim. P. 27.03, subd. 9, Minn. Stat. § 590.01 (2012), and *Orozco v. State*, 841 N.W. 2d 632 (Minn. App. 2014), *review granted and stayed* (Minn. Mar. 18, 2014) (pending disposition in *State v. Coles*, No. Al3-0789). We include all three in our analysis and affirm the decision of the district court.

Appellant insists that his request for relief must be addressed pursuant to rule 27.03, and that respondent raised no objection to that reliance and should not be permitted to now address the issue under Minn. Stat. § 590.01. We disagree.[1]

The district court in the order now being appealed addressed the rule, the statute, and *Orozco* in dismissing appellant's "motion for post-conviction relief." The court recognized that under *Orozco*, a rule 27.03 motion is properly treated as a postconviction petition when the relief requested affects the finality of a conviction. The court then stated in part:

> At the time [appellant] entered his plea of guilty, negotiated upward departures could be validly imposed pursuant to a plea agreement. *State v. Givens*, 544 N.W.2d

---

[1] *See Carlton v. State*, 816 N.W.2d 590, 601 (Minn. 2012) (concluding that time limit in Minn. Stat. § 590.01, subd. 4, is not jurisdictional and can be waived by state). Although the state did not address the two-year time limit in responding to appellant's supplemental memorandum, the state preserved the issue by raising it in its initial memorandum opposing appellant's motion in the district court.

774, 777 (Minn. 1996). The Minnesota Supreme Court overruled *Givens* in 2002, holding that plea agreements may no longer serve as the basis for an upward departure. [*Misquadace*, 644 N.W.2d at 71-72.] However, the Court's ruling does not apply retro-actively. *Hutchinson v. State*, 679 N.W.2d 160, 164 (Minn. 2004) (*Misquadace* is not retroactive). Therefore, *Givens* was controlling law at the time of appellant's sentencing and the departure is appropriate based upon the plea agreement alone.

Minn. R. Crim P. 27.03, subd. 9, permits a court to "at any time correct a sentence not authorized by law." The procedural rules and limitations of the postconviction act do not apply to a challenge properly brought under this rule. *Washington v. State*, 845 N.W.2d 205, 212 (Minn. App. 2014). "[R]ule 27, subdivision 9, authorizes relief only if a party challenges a sentence, as opposed to a conviction, and only if a party does so by asserting that a sentence is 'unauthorized by law' in the sense that the sentence is contrary to an applicable statute or other applicable law." *Id.* at 213.

As recognized by the district court, this court has held that "[a] motion to correct a sentence under Minn. R. Crim. P. 27.03, subd. 9, is properly construed as a petition for postconviction relief when the sentence was imposed pursuant to a plea agreement and granting the requested correction would allow the defendant to retain the benefit of a reduced charge and avoid the burden of the agreed-upon sentence." *Orozco*, 841 N.W.2d at 633. At present, *Orozco* controls the resolution of whether the district court properly construed appellant's motion as a petition for postconviction relief. *See State v. M.L.A.*, 785 N.W.2d 763, 767 (Minn. App. 2010) (stating that court of appeals and district court are "bound by supreme court precedent and the published opinions of the court of

4

appeals" and must apply precedent to factually similar cases), *review denied* (Minn. Sept. 21, 2010).

Appellant relies on *State v. Amundson*, 828 N.W.2d 747, 751 (Minn. App. 2013), to argue that his challenge to his sentence is properly asserted under Minn. R. Crim. P. 27.03, subd. 9. This court in *Orozco* distinguished *Amundson* as follows, however:

> [T]his court did not consider whether the fact that Amundson's sentence was agreed to in a plea agreement affected the applicability of *Vazquez*[, which held that two-year time limit does not apply to motions under rule 27.03, subdivision 9,] because the state had waived its right to claim that the motion was time-barred by conceding that *Vazquez* applied and that the motion was properly filed under rule 27.03, subdivision 9. We, therefore, conclude that, although Amundson's motion was brought under circumstances similar to appellant's motion, *Amundson* did not determine that the two-year limitations period for postconviction petitions does not apply to a rule 27.03 motion that, like appellant's motion, affects the finality of a conviction.

*Orozco*, 841 N.W.2d at 636-37. Under *Orozco*, the district court properly construed appellant's motion as a petition for postconviction relief.

Subject to exceptions not applicable to this case, Minn. Stat. § 590.01, subd. 4, requires that a petition for postconviction relief must be filed no later than two years after the disposition of a direct appeal or the date when the conviction becomes final if no appeal is filed. This two-year time limit became effective August 1, 2005, and allowed defendants whose convictions became final before that date until July 31, 2007, to seek postconviction relief. 2005 Minn. Laws ch. 136, art. 14, §§ 12-13, at 1097-98. Appellant's conviction became final in 1999. *See State v. Hughes*, 758 N.W.2d 577, 580 (Minn. 2008) (stating that, "if a defendant does not file a direct appeal, his conviction is

5

final for retroactivity purposes when the time to file a direct appeal has expired."). Appellant did not file the motion currently on appeal until 2013. Appellant's motion, therefore, is time-barred.

Appellant's motion is also procedurally barred. A postconviction petition is procedurally barred, following direct appeal, for any claim "known but not raised," unless the claim should be heard in the interests of justice or because a novel legal issue is presented. *State v. Knaffla,* 309 Minn. 246, 252–53, 243 N.W.2d 737, 741 (1976). The *Knaffla* rule applies to claims that were raised or could have been raised in a previous postconviction proceeding. *Wayne v. State*, 601 N.W.2d 440, 441 (Minn. 1999). Appellant does not assert that either *Knaffla* exception applies, and, although *Misquadace* was not decided until after the district court denied appellant's 2002 petition, *Misquadace* was pending before the supreme court when appellant filed the 2002 petition, so appellant could have raised the issue at that time.

## II.

Because *Orozco* is pending before the supreme court, and because the procedural rules and time limitations of the postconviction act do not apply to a challenge properly brought under Minn. R. Crim. P. 27.03, subd. 9, we consider the merits of appellant's claim.

Under the law in effect when appellant was sentenced, an upward sentencing departure could be based solely on a plea agreement. *Givens*, 544 N.W.2d at 777 (holding that a defendant may waive the right to be sentenced under the guidelines). After appellant was sentenced, the supreme court overruled *Givens* and held that a plea

6

agreement, standing alone, is not a sufficient basis to support a sentencing departure. *Misquadace*, 644 N.W.2d at 71-72. In *Hutchinson*, the supreme court held that *Misquadace* did not apply to a conviction that had become final before *Misquadace* was decided. 679 N.W.2d at 164.

Although appellant's conviction became final in 1999 and *Misquadace* was not decided until 2002, appellant argues that it can be applied to his sentence because the time to appeal the 2002 order denying postconviction relief had not expired when *Misquadace* was decided. Citing *Campos v. State*, appellant argues that new rules can apply retroactively in collateral proceedings. 816 N.W.2d 480, 487-88 (Minn. 2012). *Campos* applied the *Teague* analysis to determine whether a new federal rule of criminal procedure applied retroactively. *Id.* at 488 (citing *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060 (1989)).

Even if the *Teague* analysis applies to a change in state law, the general rule under *Teague* is that new rules do not apply to convictions that have become final. *Sawyer v. Smith,* 497 U.S. 227, 241-42, 110 S. Ct. 2822, 2831 (1990). The two exceptions are (1) new rules that "place an entire category of primary conduct beyond the reach of the criminal law," or "new rules that prohibit imposition of a certain type of punishment for a class of defendants because of their status or offense"; and (2) "new watershed rules of criminal procedure that are necessary to the fundamental fairness of the criminal proceeding." *Id.* (quotation and citations omitted).

Appellant argues that the watershed exception applies to this case. The watershed exception is limited "to those new procedures without which the likelihood of an accurate conviction is seriously diminished." *Teague*, 489 U.S. at 313, 109 S. Ct. at 1077.

> Because we operate from the premise that such procedures would be so central to an accurate determination of innocence or guilt, we believe it unlikely that many such components of basic due process have yet to emerge. We are also of the view that such rules are best illustrated by recalling the classic grounds for the issuance of a writ of habeas corpus — that the proceeding was dominated by mob violence; that the prosecutor knowingly made use of perjured testimony; or that the conviction was based on a confession extorted from the defendant by brutal methods.

*Id.* (quotation omitted). The change in law prohibiting a sentencing departure to be based solely on a plea agreement is not such a procedure.

Regardless of whether appellant's motion is properly construed as a postconviction petition or a motion to correct a sentence under Minn. R. Crim. P. 27.03, subd. 9, the district court properly denied relief.

**Affirmed.**