*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1734**

Michael James Rye, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 20, 2024
Affirmed
Frisch, Judge**

Hennepin County District Court
File No. 27-CR-18-24095

Michael James Rye, Minneapolis, Minnesota (pro se appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Nicole Cornale, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Larkin, Presiding Judge; Bratvold, Judge; and Frisch, Judge.

**NONPRECEDENTIAL OPINION**

**FRISCH**, Judge

Appellant challenges the denial of his second petition for postconviction relief for convictions related to the dissemination of pornographic works involving minors, arguing that the postconviction court abused its discretion in treating his motion to correct sentence

as a petition for postconviction relief and summarily denying his claims as untimely and procedurally barred. We affirm.

## FACTS

In September 2018, respondent State of Minnesota charged appellant Michael James Rye with eight counts of disseminating pornographic works involving a minor, Minn. Stat. § 617.247, subd. 3(a) (2016), and three counts of possessing pornographic works involving a minor, Minn. Stat. § 617.247, subd. 4(a) (2018). The state alleged that law-enforcement officers determined that Rye had engaged in the dissemination of child pornography on peer-to-peer file-sharing websites between November 9, 2017, and July 30, 2018.

In January 2019, Rye pleaded guilty to three counts of dissemination of pornographic works involving minors, occurring on or about November 9, 12, and 13, 2017, respectively. The state dismissed the remaining charges. Based on the plea agreement, the district court entered judgments of conviction and imposed three concurrent sentences, executing the longest sentence of 54 months in prison. The district court ordered that Rye register as a predatory offender for each conviction. Rye did not pursue a direct appeal.

In February 2021, Rye petitioned for postconviction relief, challenging various aspects of his sentence. He asserted that (1) his criminal-history score was erroneously calculated, (2) his counsel was ineffective, (3) the multiple-victim exception to the general rule barring multiple sentences for single behavioral incidents did not apply to his crimes and applying the exception exaggerated the criminality of his behavior, (4) his crimes were part of a single behavioral incident, (5) the district court erred by ordering a sex-offender

2

assessment and treatment, (6) his conditional-release term was erroneously imposed, (7) his predatory-offender registration term was illegal, (8) he should have received a downward dispositional sentencing departure, and (9) three months were erroneously added to his sentence.

In October 2021, the postconviction court denied Rye's petition without a hearing. Rye appealed the denial. We reversed the district court's order requiring Rye to register as a predatory offender and remanded the matter for resentencing but affirmed the decision of the postconviction court on all other issues. *Rye v. State*, No. A21-1731, 2022 WL 3581566, at *3, *5 (Minn. App. Aug. 22, 2022), *rev. denied* (Minn. Dec. 13, 2022).

On June 27, 2023, Rye filed his second postconviction petition, seeking relief "in the interests of justice" under Minn. Stat. § 590.01, subd. 4(b)(5) (2022). In his petition, Rye argued that the governing statute, Minn. Stat. § 617.247, subd. 3(a), does not define "dissemination," and lacks a mens rea requirement in violation of the Fifth and Fourteenth Amendments. Rye also moved to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9, arguing that (1) his criminal-history score is incorrect, (2) his offenses are part of the same behavioral incident and not subject to separate sentences, (3) the multiple-victim rule does not apply to child-pornography offenses, (4) the district court violated his right to procedural due process by failing to explain the joinder of the offenses, (5) his offenses were improperly joined, and (6) he received ineffective assistance of trial counsel.

The postconviction court treated Rye's motion to correct sentence as a petition for postconviction relief. The postconviction court denied all of Rye's claims without a

3

hearing, concluding that Rye's claims were either time-barred or *Knaffla*-barred. Rye appeals.

**DECISION**

In Minnesota, an individual convicted of a crime may petition the district court for relief from that conviction if a direct appeal of that conviction is no longer available. Minn. Stat. § 590.01, subd. 1 (2022). The petitioner bears the burden of establishing entitlement to relief by a preponderance of the evidence. *Crow v. State*, 923 N.W.2d 2, 10 (Minn. 2019). A postconviction court must hold an evidentiary hearing on the petition "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2022). When reviewing the petition to decide whether an evidentiary hearing is needed, the postconviction court must accept "the facts alleged in the petition as true and construe[] them in the light most favorable to the petitioner." *Pearson v. State*, 946 N.W.2d 877, 883 (Minn. 2020) (quotation omitted).

We review the denial of a postconviction petition without an evidentiary hearing for an abuse of discretion and issues of law raised in the petition de novo. *Id.* "A postconviction court does not abuse its discretion unless it has exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings." *Henderson v. State*, 906 N.W.2d 501, 505 (Minn. 2018) (quotation omitted).

On appeal, Rye argues that the postconviction court abused its discretion by (1) treating his motion to correct sentence as a request for postconviction relief and

(2) summarily denying his claims as untimely and procedurally barred. We address each argument in turn.

**I.** **The postconviction court did not abuse its discretion in treating Rye's motion to correct his sentence as a petition for postconviction relief.**

Under Minn. R. Crim P. 27.03, subd. 9, "a sentence not authorized by law" may be corrected "at any time." In contrast, a postconviction petition must be filed within two years of "the entry of judgment of conviction or sentence if no direct appeal is filed." Minn. Stat. § 590.01, subd. 4(a)(1) (2022). We treat a motion to correct sentence as a request for postconviction relief when the effect of granting the motion would implicate the underlying conviction. *Orozco v. State*, 841 N.W.2d 632, 637 (Minn. App. 2014), *rev. denied* (Minn. May 27, 2015). When "the sentence at issue is imposed as part of a plea agreement, a motion to change that sentence impacts more than simply the sentence, and [r]ule 27.03 does not apply." *State v. Coles*, 862 N.W.2d 477, 481 (Minn. 2015). Otherwise, "[the defendant] retains the benefit of the [agreed upon] criminal charge but the [s]tate no longer receives the benefit of the [agreed upon] sentence." *Id.*

Rye argues that the postconviction court abused its discretion by treating his motion under Minn. R. Crim. P. 27.03 as a request for postconviction relief because he challenges only his sentence and not the underlying convictions. We disagree.

Rye pleaded guilty to three of the 11 charged counts of possession and dissemination of pornographic works involving minors. In exchange, the state agreed to dismiss the remaining charges and request that the district court impose three concurrent sentences, the longest of which was an executed 54-month sentence. Had the state not agreed to this

disposition, Rye's plea petition denotes that he faced additional convictions, a presumptive sentence of 84 months in prison, and the possibility that his sentences could be served consecutively—meaning that he potentially faced additional convictions with additional sentencing consequences. Rye's sentencing challenge therefore implicated his plea agreement because the sentence he received was in exchange for the state's dismissal of additional charges and its agreement to concurrent sentencing. Thus, the postconviction court properly treated Rye's motion as a request for postconviction relief.

Rye also argues that his motion is not time-barred because an incorrect criminal-history score may be corrected at any time. *See State v. Maurstad*, 733 N.W.2d 141, 147 (Minn. 2007) (holding that a sentence based on an incorrect criminal-history score is illegal and may be corrected "at any time" (quoting Minn. R. Crim. P. 27.03, subd. 9)). He relies on two cases in which we held that the two-year limitations period for filing a postconviction petition does not apply to motions under rule 27.03. *See Vazquez v. State*, 822 N.W.2d 313, 320 (Minn. App. 2012); *State v. Amundson*, 828 N.W.2d 747, 751 (Minn. App. 2013). But we rejected this argument in *Orozco*, explaining that *Vazquez* and *Amundson* do not state that the two-year limitations period "does not apply to a motion to correct a sentence that was imposed in accordance with a plea agreement." 841 N.W.2d at 634.

In sum, Rye seeks to reduce a negotiated sentence imposed as part of a plea agreement. Allowing him to do so would increase the benefit of his bargain—by reducing his sentence—while depriving the state of the benefit of its bargain—a 54-month prison sentence in exchange for its agreement to dismiss all other charges. Therefore, Rye's

motion to correct sentence impacts more than his sentence and is properly treated as a motion for postconviction relief.[1] *Coles*, 862 N.W.2d at 481-82.

## II. The postconviction court did not abuse its discretion in denying Rye's second postconviction petition as untimely.

A postconviction petition may not be filed more than two years after "the entry of judgment of conviction or sentence if no direct appeal is filed," unless one of five enumerated exceptions apply. Minn. Stat. § 590.01, subd. 4 (2022). These exceptions include (1) a physical disability or mental disease that prevented a timely filing; (2) newly discovered evidence; (3) a new interpretation of the law that retroactively applies to petitioner's case; (4) the conviction occurred prior to May 1, 1980, and several other conditions are met; and (5) "the petition is not frivolous and is in the interests of justice." *Id.*, subd. 4(b). "Any petition invoking an exception . . . must be filed within two years of the date the claim arises." Minn. Stat. § 590.01, subd. 4(c). A claim arises when the claimant knew or should have known that the claim existed. *Sanchez v. State*, 816 N.W.2d 550, 560 (Minn. 2012). Rye argues that his claims should be heard "in the interests of justice."

The district court sentenced Rye on March 12, 2019. Rye did not file a direct appeal. Thus, Rye was required to raise the challenges he now asserts by March 12, 2021. Rye

---

[1] We need not consider those arguments that we previously rejected in Rye's prior appeal, 2022 WL 3581566, at *4. *See Smith v. State*, 974 N.W.2d 576, 581-82 (Minn. 2022) (explaining that "[t]he law of the case doctrine functions to bar issues that were previously considered and denied in the same case," and that doctrine applies to motions under Minn. R. Crim. P. 27.03, subd. 9, "when the claim underlying the motion was previously denied" on appeal).

filed his second postconviction petition on June 27, 2023, more than two years after the statutory deadline. "[T]he interests-of-justice exception is triggered by an injustice that *caused* the petitioner to miss the primary deadline in subdivision 4(a), not the *substance* of the petition." *Id.* at 557. Rye's claims were known to him when he was sentenced. He fails to explain any injustice that prevented him from filing a timely petition other than to argue that a defendant cannot waive or forfeit an incorrect criminal-history score. But "[w]hen the only injustice claimed is identical to the substance of the petition, and the substance of the petition is based on something that happened before or at the time a conviction became final, the injustice simply cannot have caused the petitioner to miss the 2-year time limit." *Id*.

The postconviction court therefore did not abuse its discretion in denying Rye's second petition as time-barred because the petition was untimely filed and he failed to prove that an exception applies.

## III. The postconviction court did not abuse its discretion in denying Rye's second postconviction petition as *Knaffla*-barred.

Claims that were raised on direct appeal or were known or should have been known but were not raised on direct appeal, are procedurally barred." *Sontoya v. State*, 829 N.W.2d 602, 604 (Minn. 2013) (citing *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976)). This is commonly known as the *Knaffla*-bar. *Id.* "But a claim is not *Knaffla*-

barred if (1) the claim is novel; or (2) the interests of fairness and justice warrant relief."

*Id.*

Rye's claims are *Knaffla*-barred because he could have raised them in either his direct appeal or his first postconviction petition. And Rye does not offer any reason why he could not have done so. Accordingly, the postconviction court acted well within its discretion in denying Rye's petition as both time-barred and *Knaffla*-barred.

**Affirmed.**